PEOPLE OF THE TERRITORY OF GUAM

v.

ANTONIO S. CHARGUALAF, Defendant

Civil No. 191F-78
Superior Court of Guam
February 5, 1980

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

On September 9, 1978, the Superior Court issued a search warrant authorizing the search of a certain two-storey residence and "garage with tin sides and roof adjacent thereto" owned by a Pedro San Augustin and located in Canada, Barrigada. The search warrant also ordered the police to "conduct a search of the above described location, curtilage, and persons present therein for the controlled substance heroin..."

The affidavit in support of the search warrant indicated that the informant had observed many persons on the premises using heroin and that the drug-related activity thereon was of a continuing nature. The affiant stated that, in his experience as a peace officer, controlled substances are often found concealed upon the person of individuals who are present on premises where controlled substances may be found, that persons present on premises where a warrant is being executed will often hide the controlled substance on their person, and that the possibility of loss or destruction of the evidence required immediate execution of the warrant.

Defendant contended that the search warrant issued in this case was constitutionally defective because it failed to name or describe specifically persons to be searched at the San Augustin residence.

This Court denied his motion to suppress and his petition for a Writ of Prohibition was denied by the Appellate Division of the District Court.

Defendant claims that the recent United States Supreme Court decision of Ybarra v. Illinois, 48 L W 4023 (November 28, 1979) dictates a reconsideration of this Court's decision.

However, footnote 4 of the Law Week decision makes it clear that the Supreme Court is not considering a factual situation akin to the instant case.

> ". . . Consequently, we need not consider situations where the warrant itself authorizes the search of unnamed persons in a place and is supported by probable cause to believe that persons who will be in the place at the time of search will be in possession of illegal drugs..."

Thus, Ybarra is not controlling and the motion to reconsider is denied.